**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| INGENIOSPEC, LLC,<br>Plaintiff,<br>v.<br>APPLE INC.,<br>Defendant. | Case No. 1:25-cv-00867-DAE<br>**JURY TRIAL DEMANDED** |
| INGENIOSPEC, LLC,<br>Plaintiff,<br>v.<br>APPLE INC.,<br>Defendant. | Case No. 1:25-cv-00877-DAE<br>**JURY TRIAL DEMANDED** |

**JOINT MOTION FOR ENTRY OF A SCHEDULING ORDER[1]**

Pursuant to Local Rule CV-16 and the Court's Order for Scheduling Recommendations and Advisory Concerning Magistrate Judge Assignment (Dkt. 21), Plaintiff IngenioSpec, LLC ("Plaintiff" or "IngenioSpec") and Defendant Apple Inc. ("Defendant" or "Apple") (collectively, the "Parties") respectfully submit this Joint Motion for Entry of a Scheduling Order in the -867 and -877 Actions.

[1] The Parties are submitting this Joint Motion and their proposed Scheduling Order in both Case No. 1:25-cv-00867-DAE (the "867 Action") and Case No. 1:25-cv-00877-DAE (the "877 Action") to promote efficiency and avoid inconsistent case schedules. Although the cases have not been formally related or consolidated, both actions involve the same plaintiff and defendant and potentially overlapping issues. Accordingly, the Parties are continuing to confer on whether officially relating or consolidating the cases for pretrial purposes is appropriate, but they are not seeking such relief through this motion.

The Parties met and conferred in an attempt to agree on a proposed Scheduling Order for consideration by the Court. Following these discussions:

(1) The Parties reached agreement on all pre-*Markman* hearing dates, except the date that fact discovery opens;

(2) The Parties were unable to reach agreement about whether fact discovery should commence now or after claim construction;

(3) The Parties were unable to reach agreement regarding whether a date certain should be set now for the *Markman* hearing, the pretrial conference, and trial;

(4) The Parties were unable to reach agreement regarding whether post-*Markman* hearing deadlines through trial should be tied to the *Markman* hearing date or the date of the Court's Claim Construction Order; and

(5) The Parties were unable to reach agreement regarding the requirement for amendments and supplementation of preliminary infringement and invalidity contentions.

For the Court's convenience and consideration, the Parties have attached as Exhibit 1 a proposed Scheduling Order. This proposed Scheduling Order reflects the Parties' agreed-upon deadlines in yellow highlighted text and, for disputed events or deadlines, sets forth IngenioSpec's proposal in blue highlighted text and Apple's proposal in green highlighted text. The Parties' respective positions on each disputed issue are set forth below.

Accordingly, the Parties respectfully request that the Court enter a Scheduling Order in these Actions, either by adopting one of the Parties' proposals set forth in Exhibit 1 or by otherwise ordering a schedule as the Court deems appropriate.

## I. AREA OF DISAGREEMENT: *MARKMAN* HEARING, PRE-TRIAL CONFERENCE, AND TRIAL DATES

### A. IngenioSpec's Proposal and Arguments in Support Thereof

IngenioSpec respectfully requests that the Court enter an order now scheduling three dates in these cases:

1. *Markman* claim construction hearing: March 18, 2026 (or as soon thereafter as the Court's calendar permits);
2. Fact discovery cutoff: October 14, 2026 (or 30 weeks after the *Markman* hearing), with fact discovery to commence as provided by the Federal Rules; and
3. Trial date: April 12, 2027 (or as soon thereafter as the Court's calendar permits).

Once the Court schedules these three most important dates, the parties will then have the guidance needed to confer and reach agreement on the other dates in the cases, all which follow from these three key dates. The Court could order the parties to submit a proposed supplemental schedule for such additional dates within a short period, *e.g.*, 10 days, thereafter.

Setting both *Markman* hearing and trial dates now is necessary to ensure the efficient, fair, and timely resolution of these cases. Establishing these key dates at the outset promotes judicial economy by providing clear guideposts for the Parties and the Court.

Every major case management deadline—including amendment of pleadings, final contentions, close of fact discovery, expert disclosures, dispositive motions, and the pretrial conference—is tied to the *Markman* hearing (or Order) and trial dates. Without those anchors, the cases risk drifting, deadlines must be renegotiated piecemeal, and the Court may be forced to expend additional resources resolving avoidable disputes. Early scheduling prevents unnecessary motion practice and keeps the cases on track.

Additionally, absent fixed dates Defendant may be incentivized to slow-roll discovery and hold back on filing IPR petitions until the very end of the one-year statutory period. This gamesmanship not only delays progress in this Court but also wastes resources by inviting duplicative, last-minute PTAB proceedings regarding the validity of the asserted patents, which would likely occur after the bulk of the litigation is complete.

While setting a trial date does not guarantee discretionary denial by the PTAB, it gives the PTAB sufficient information to properly decide whether to issue a discretionary denial, and it ensures that Defendant cannot manipulate timing to maximize delay and uncertainty. Early scheduling thus promotes efficiency, discourages procedural abuse, and allows both this Court and the Parties to avoid unnecessary duplication of effort.

The presence of a trial date also meaningfully advances settlement negotiations in many cases, forcing the Parties to evaluate risk and exposure considering concrete deadlines. Without a set trial date, settlement discussions often stall because a defendant faces little pressure to resolve the matter. Anchoring this case with firm dates will encourage good-faith negotiations and conserve both judicial and party resources.

Courts within this District and others (including the Eastern District of Texas and the District of Delaware) have recognized that early scheduling of claim construction and trial promotes efficiency, reduces disputes, and balances the playing field between patent holders and the accused infringer. *See, e.g.*, Judge Albright's Standing Order Governing Proceedings ("OGP") – Patent Cases (Western District of Texas), available at https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Standing-Order-Governing-Proceedings-Patent-Cases-01232024.pdf; Sample Docket Control Order for Patent Cases Assigned to Judge Rodney Gilstrap (Eastern District of Texas), available at https://coop.txed.uscourts.gov/?q=judge/district-judge-rodney-

gilstrap; Judge Noreika's form Patent Scheduling Order (District of Delaware), available at https://www.ded.uscourts.gov/sites/ded/files/chambers/April%202021%20-%20MN%20Scheduling%20Order%20-%20Patent%20NON-ANDA.pdf.

IngenioSpec recognizes that this Court has, in some cases, deferred setting a *Markman* hearing and trial date and has instead entered a separate order at its convenience. Respectfully, however, IngenioSpec submits that a different approach is warranted here because early entry of a *Markman* hearing date and a corresponding trial date will ensure that the case proceeds efficiently, reduce opportunities for delay, and provide meaningful guideposts for both the Court and the Parties in managing discovery, settlement, and any parallel proceedings. Notably, since the Parties first began conferring on the schedule, Apple has not actually objected to having a trial date (nor to IngenioSpec's proposed date); it merely seeks deferral based on how this Court has proceeded in other cases. Yet that is not a substantive objection to IngenioSpec's proposal, and it should not weigh against adopting an efficient schedule in this case.

IngenioSpec proposes March 18, 2026 for the *Markman* hearing (or as soon thereafter as the Court's calendar permits), which is approximately 9 months after these cases were filed; and it proposes April 12, 2027 for jury selection (or as soon thereafter as the Court's calendar permits), which is approximately 22 months after filing and twelve months after the proposed *Markman* hearing. These proposals strike the right balance and allow the Parties sufficient time for discovery and dispositive motions while still ensuring timely resolution. IngenioSpec faces ongoing harm from continued infringement. Delay compounds this prejudice. Defendant, by contrast, suffers no undue prejudice from having dates set now and will have more than adequate time to prepare their defenses. The only impact of early scheduling is to ensure fairness and efficiency.

**B. Apple's Proposal and Arguments in Support Thereof**

Apple merely requests that the parties follow the Order for Scheduling Recommendations ("Order") and the Court's established practice in patent cases in setting the *Markman* hearing, pretrial conference, and trial date at its discretion and convenience.

Specifically, Apple requests that the Court set the *Markman* hearing at its convenience, after the parties' briefing is completed, as it has done in previous cases. *See Ginko, LLC v. Apple Inc.*, No. 1:24-cv-01279-DAE, Dkt. 39, (W.D. Tex. May 14, 2025) (noting that the "*Markman* hearing will be set by separate order after briefing is filed"); *The Ergo Baby Carrier, Inc. v. BabyBjörn AB*, No. 6:24-cv-0083-DAE, Dkt. 24, at *4 (W.D. Tex Aug. 28, 2024) (same); *PfP Indus., LLC v. Rockwater Energy Sols., LLC*, No. 1:23-cv-00970-DAE, Dkt. 26, at *4 (W.D. Tex. Dec. 13, 2023) (same).[2] Contrary to IngenioSpec's assertions otherwise, the case will proceed efficiently, like other cases previously before the Court, in the absence of a specific date for a *Markman* hearing. Indeed, the parties have agreed on dates for all pre-*Markman* hearing events and the spacing of all post-*Markman* events, which will also advance the case efficiently.

Regarding the pretrial conference and trial dates, the Court's Order is clear that "the case will not be set for trial until after dispositive motions" and that it will "set the case for trial by separate order" that will also "establish trial type deadlines to include pretrial matters," such as the pretrial conference. Dkt. 21.[3] IngenioSpec's proposal to set dates for the pretrial conference and trial dates now is contrary to the Court's order.

---

[2] Indeed, even when parties have jointly proposed a date for a *Markman* hearing, the Court has declined to enter that agreed-upon date and instead determined to set the hearing by separate order after the briefing is completed. *See, e.g.*, *Ginko*, No. 1:24-cv-01279-DAE, Dkt. 38, 39.

[3] Further, in the Fact Sheet for Senior Judge David Alan Ezra (published on the Western District of Texas's website), this Court has stated that trial dates will be set after dispositive motions have been heard and ruled upon. *See* Fact Sheet for Senior Judge David Alan Ezra, at nos. 34, 40, available at https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Updated-Fact-Sheet-for-Judge-Ezra-for-TXWD-Website-07102024.pdf

## II. AREA OF DISAGREEMENT: DATE FACT DISCOVERY OPENS

### A. IngenioSpec's Proposal and Arguments in Support Thereof

IngenioSpec respectfully submits that discovery should open on October 10, 2025, consistent with the Federal Rules, rather than delayed as Defendant proposes.

The Federal Rules of Civil Procedure establish that fact discovery may begin after the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). IngenioSpec's proposal for fact discovery to open on October 10, 2025, which is immediately following the Parties' 26(f) conference and just before the proposed scheduling order and Joint 26(f) Report are due, is consistent with the Rules, promotes efficiency, and avoids unnecessary delay.

By that time, counsel for the Parties will have formally met and conferred, the scope of issues will be clear, and the Parties will be positioned to conduct discovery in a targeted, cost-effective manner. Commencing discovery on October 10, 2025 (or upon entry of the Court's Scheduling Order) allows the Parties to advance aspects of the case that do not depend on Court intervention, conserving judicial resources while ensuring forward progress.

Meanwhile, Defendant's proposal to delay discovery until well after these events would significantly delay this process and the efficient prosecution and resolution of these cases. Defendant contends that its position aligns with Judge Albright's OGP, but that argument is misplaced for several reasons. First, Defendant has already rejected other core features of the OGP, including its default timeline for the *Markman* hearing and trial. Second, Judge Albright's OGP is not binding on this Court. Finally, Defendant should not be permitted to cherry-pick certain self-serving portions of the OGP while discarding the rest.[4] Courts across the country routinely

---

[4] As IngenioSpec has informed Apple, it remains willing as a compromise to avoid burdening the Court by agreeing that full fact discovery does not open until one day after the *Markman* hearing if a *Markman* hearing and trial date are set at the outset. To the extent Apple opposes that portion of Judge Albright's OGP, it should not get to cherry pick a late discovery date. Likewise, if the

order that discovery commences promptly after the Rule 26(f) conference, in line with the Federal Rules. Departing from that standard without compelling justification undermines predictability and risks inefficiency.

As Apple notes, these are complex cases with multiple asserted patents and many claims. The Parties should have the full time for fact discovery allotted by the Federal Rules, beginning immediately after the Rule 26(f) conference, to gather evidence, meaningfully narrow the asserted claims and prior art references based on a developed record, and prepare theories for trial. Opening fact discovery sufficiently in advance of *Markman* disclosures, briefing, and the hearing may also enable the Parties to make a more informed and narrower early claim and prior art election, which in turn reduces the number of disputes and lessons the burden on the Court at the *Markman* stage. Delaying the start of fact discovery does not promote judicial economy but instead compresses the available time for critical case development and prejudices IngenioSpec by depriving it of the timely litigation process guaranteed under the FRCP.

**B. Apple's Proposal and Arguments in Support Thereof**

Pursuant to the typical practice of this district, Apple proposes that fact discovery (except for discovery in support of infringement and invalidity contentions), not open until after claim construction. *See, e.g.*, *Etto IP, LLC v. Reebok Int'l Ltd.*, 6:23-cv-00003-DAE, Dkt. 25 (W.D. Tex. Sept. 5, 2024) (fact discovery opening one week after *Markman* order); *Cellular South, Inc. v. Google, LLC*, No. 6:24-cv-00245-DAE, Dkt. 50 (W.D. Tex. Oct. 31, 2024) (fact discovery opening after *Markman*); *IFPower Co., Ltd. v. Asustek Computer, Inc.*, No. 1:24-CV-00131-DAE, Dkt. 25,

Court is inclined to adopt Judge Albright's OGP's default date for the opening of fact discovery, it should also then set a date certain for both a *Markman* hearing date and a trial date in accordance with the OGP default timeline, over any objection by Apple. IngenioSpec's proposed dates already align closely with the OGP framework, subject only to limited, reasonable adjustments negotiated by the Parties to account for pre-Markman deadlines, intervening holidays, and other case-specific circumstances.

at *4 (W.D. Tex. Sept. 13, 2024) (fact discovery opening after *Markman*); *see also* Standing Order Governing Proceedings (OGP) 4.4 – Patent Cases (Judge Albright).

IngenioSpec is asserting 355 claims from 6 patents against 14 accused products that are "used in conjunction" with over 150 "host products." Fact discovery necessarily will be time-consuming, complex, and extensive—for both the parties and the Court. With 355 asserted claims, claim construction is likely to narrow the scope of this case, including the universe of certain accused or "host" products and prior art, before the parties embark on fact discovery. Indeed, this Court has faced similar disputes in the past and opted to delay the opening of fact discovery. For example, in *Cellular South*, the parties entered a similar disputed schedule where plaintiff sought early fact discovery, while the defendant responded that fact discovery would be "particularly costly" with almost "50 asserted claims" and proposed staying fact discovery until after claim construction. *Cellular South*, No. 6:24-cv-00245-DAE, Dkt. 43, at *4. In *Cellular South*, the Court opted to stay the majority of fact discovery until after *Markman*. *Id.* at Dkt. 50, at *5. Here, the parties are grappling with seven times as many asserted claims. Apple's proposal follows the Court's standard practice and avoids wasteful discovery.

By proposing that fact discovery begin after claim construction, Apple is not seeking delay but merely following standard practice for patent cases in this district while also easing the burden on the parties and the Court. *See, e.g.*, *Etto IP*, 6:23-cv-00003-DAE, Dkt. 25, at *4; *Cellular South*, No. 6:24-cv-00245-DAE, Dkt. 45, at *4.

## III. AREA OF DISAGREEMENT: POST-*MARKMAN* HEARING DATES

### A. IngenioSpec's Proposal and Arguments in Support Thereof

The Parties generally agree on the number of weeks allocated for post-*Markman* deadlines. The only dispute is whether those deadlines should run from the date of the *Markman* hearing, as

IngenioSpec proposes, or from the date the Court issues its claim construction order, as Defendant proposes.

Pegging post-*Markman* deadlines to the hearing date best promotes judicial economy and efficiency. Once the *Markman* hearing concludes, claim construction is fully briefed and argued, and there is no reason for the case to stall awaiting the Court's written order. Using the hearing date keeps the cases moving, allowing the Parties to advance discovery, third-party subpoenas, damages analyses, and source code review during that period. In contrast, tying deadlines to the Claim Construction Order date introduces unnecessary delay, uncertainty, and leaves case progress outside the Parties' control. Aligning deadlines to the hearing date ensures steady progress, predictability, and balanced preparation for trial.

**B. Apple's Proposal and Arguments in Support Thereof**

Apple proposes that all post-*Markman* deadlines be triggered from the date the Court enters its *Markman* order, rather than from the date of the *Markman* hearing.

Apple's proposal aligns with scheduling orders in recent cases before Judge Ezra where post-*Markman* deadlines were tied to the issuance of the *Markman* order. *See, e.g.*, *PfP Industries, LLC v. Rockwater Energy Solutions, LLC*, No. 1:23-cv-00970-DAE, Dkt. 26 (W.D. Tex. Dec. 13, 2023); *The Ergo Baby Carrier, Inc. v. BabyBjörn AB*, No. 6:24-cv-0083-DAE, Dkt. 24 (W.D. Tex. Aug. 28, 2024).

Triggering post-*Markman* deadlines from the date of the *Markman* order promotes efficiency and conserves resources. As discussed in Section I.B, the resolution of claim construction disputes will meaningfully shape the case, including the parties' infringement and invalidity positions as to the 355 asserted claims from 6 asserted patents across 14 accused products and 150 host products. Those claim construction disputes will be resolved with the *Markman* order, not the *Markman* hearing. Apple's proposal avoids premature, duplicative, and

wasteful discovery before claim construction issues are resolved. By waiting for the Court's claim constructions, the parties can focus their fact and expert discovery by operating under the Court's constructions rather than proceeding wastefully under multiple disputed constructions.

While the parties dispute which event should trigger the post-*Markman* deadlines, the parties agree on the relative spacing of those post-*Markman* deadlines. *See* ¶¶ 7-10, 12-14.

## IV. AREA OF DISAGREEMENT: AMENDMENT OF PRELIMINARY INFRINGEMENT AND INVALIDITY CONTENTIONS

### A. IngenioSpec's Proposal and Arguments in Support Thereof

The Parties agree there will be deadlines for **<u>Preliminary</u>** Infringement/Invalidity Contentions and **<u>Final</u>** Infringement/Invalidity Contentions, and that leave of Court is required for any amendments after the final contention deadline. The Parties also agree that leave of Court is required to add new claims or prior art references that would expand the scope of the case.

Where the Parties diverge is Defendant's proposal to require leave of Court even for amendments made ***before*** the final contention deadline that do not add new claims or prior art references.

IngenioSpec's proposal, whereby amendments to preliminary contentions are allowed without leave provided counsel certifies that it exercised reasonable diligence and that the amendment is based on newly identified material, strikes the proper balance. It ensures that discovery is meaningfully incorporated into the contentions process, allows both sides to refine their theories as information develops, and avoids wasteful motion practice over routine supplementation. Courts in this District have already endorsed this approach. Indeed, in *Proxense, LLC v. Apple Inc.*, Case No. 6:24-cv-00143-ADA, Dkt. 29 at 1 n.1, Defendant Apple itself agreed that "[t]he Parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts

to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material." That is what IngenioSpec proposes here. Meanwhile, Defendant's proposal makes little sense and would needlessly burden both the Court and the Parties. It departs from Judge Albright's OGP, which Defendant selectively invokes when convenient but offers no compelling justification for this specific departure.

Unlike Defendant's proposal, IngenioSpec's proposal encourages diligence, promotes fairness, reduces unnecessary disputes, and ensures the case develops in an orderly and efficient manner.

### B. Apple's Proposal and Arguments in Support Thereof

Apple proposes that no leave of Court be required for the parties to supplement preliminary infringement and invalidity contentions with information identified after initial contentions but that leave of Court be required for the parties to amend preliminary infringement and invalidity contentions to add new claims or infringement theories or new prior art or invalidity theories.

Apple's proposal regarding amendment of preliminary contentions, is consistent with the parties' agreements in footnotes 1 and 2 that leave of Court is required to add patent claims and prior art references. Apple's proposal extends that principle to include new infringement and invalidity theories. In contrast, IngenioSpec's proposal would allow any amendment without leave of Court as long as the party "certifies that it undertook reasonable efforts" on its preliminary contentions, which contradicts the parties' agreements in footnotes 1 and 2 requiring leave of Court to add patent claims and prior art references. Apple's proposal will encourage thorough preliminary infringement and invalidity contentions and discourage shifting positions while still permitting amendments with leave of Court for good cause.

Apple's proposal regarding supplementation of preliminary contentions reasonably allows for supplementation without leave of Court when the new information is consistent with previously disclosed theories and arises after the initial contentions were served.

Apple's proposal to require leave of Court to amend preliminary contentions and to not require leave of Court to supplement preliminary contentions strikes a fair and practical balance: it encourages diligence and stability in the parties' positions while allowing for reasonable supplementation as discovery progresses. Moreover, Apple notes that the parties will have an opportunity to serve final infringement contentions and final invalidity contentions after *Markman*.

Apple's prior agreement to the language of Judge Albright's standard scheduling order in *Proxense* regarding amendment of preliminary infringement and invalidity contentions should not be binding on Apple in this case where Judge Albright's scheduling order does not apply and the parties have crafted their own schedule and provisions.

Dated: October 10, 2025

Respectfully submitted,

*/s/ Nicole Glauser*
Robert F. Kramer (admitted *pro hac vice*)
rkramer@krameralberti.com
David Albert (admitted *pro hac vice*)
dalberti@krameralberti.com
Sal Lim (admitted *pro hac vice*)
slim@krameralberti.com
Robert C. Mattson (admitted *pro hac vice*)
rmattson@krameralberti.com
**KRAMER ALBERTI LIM & TONKOVICH LLP**
950 Tower Lane, Suite 1725
Foster City, CA 94404
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Nicole Glauser
Texas Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM &**

*/s/ Steven J. Wingard*
Steven J. Wingard
Texas Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com
Robert P. Earle
Texas Bar No. 24124566
rearle@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

James R. Barney (*Pro hac vice*)
Frank A. DeCosta, III
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.

**TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (737) 256-7784
Facsimile: (650) 460-8443

Mark D. Siegmund
Texas Bar No. 24117055
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PC**
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

*Attorneys for Plaintiff IngenioSpec, LLC*

Washington, D.C. 20001-4413
(202) 408-4000
james.barney@finnegan.com
frank.decosta@finnegan.com

Kara A. Specht
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th St. NW Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400
kara.specht@finnegan.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court on October 10, 2025 via the Court's CM/ECF system, which will serve a copy on all counsel of record who have consented to electronic service.

*/s/ Nicole Glauser*
Nicole Glauser