EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| INGENIOSPEC, LLC, | |
|       Plaintiff, | |
| v. | Case No. 1:25-cv-00867-DAE |
| APPLE INC., | JURY TRIAL DEMANDED |
|       Defendant. | |
| INGENIOSPEC, LLC, | |
|       Plaintiff, | |
| v. | Case No. 1:25-cv-00877-DAE |
| APPLE INC., | JURY TRIAL DEMANDED |
|       Defendant. | |

**PROPOSED SCHEDULING ORDER**

[*Portions of this Scheduling Recommendation are disputed between the parties. Disputed proposals made by Plaintiff are highlighted in* blue *and disputed proposals made by Defendant are highlighted in* green. *Agreed proposals are highlighted in* yellow.]

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by **December 18, 2026**.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **October 14, 2026**, and each opposing party shall respond, in writing, by **November 4, 2026**. All offers of settlement are to be private, not filed.

3. The Parties shall file a Rule 26(f) Report

1

[Plaintiff's Proposal: **on October 10, 2025**, which shall constitute the effective date of the parties' Rule 26(f) conference for purposes of determining when fact discovery opens and initial disclosures are due pursuant to Rule 26.]

[Defendant's Proposal: **one week after the *Markman* Order is issued.** Fact discovery will open **one day after the *Markman* Order is issued**. Initial disclosures per Rule 26(a) will be due one week after the *Markman* Order is issued.]

4. Plaintiff served its good faith identification of asserted claims on **September 8, 2025**. Plaintiff served its preliminary infringement contentions on **September 19, 2025**. These contentions should be in the form of claim charts setting forth where in each of the accused product(s) each element of the asserted claim(s) is found. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process. Plaintiff shall also identify whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality, the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other

instrumentality that incorporates or reflects that particular claim.[1]

5.  Defendant shall serve preliminary invalidity contentions by **November 21, 2025**.[2]

These contentions should be in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations that Defendant contends are indefinite or lack written description or enablement support under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical document production, including source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an accused products identified by Plaintiff IngenioSpec in its infringement contention charts.[3]

6.  The following schedule shall apply to Claim Construction proceedings in this case:

    a.  On or before **December 8, 2025**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any

---

[1] Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[2] Any amendment to add prior art references requires leave of court so that the Court can address any scheduling issues.

[3] [Plaintiff's Proposal: The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of Court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and that the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.]

[Defendant's Proposal: Amendment of preliminary infringement contentions to identify new claims or infringement theories and preliminary invalidity contentions to identify new prior art or invalidity theories requires leave of court for good cause shown. The parties may supplement their preliminary infringement contentions and preliminary invalidity contentions without leave of court to include information consistent with its previous contentions that is identified after initial contentions are served.]

claim element a party contends should be governed by 35 U.S.C. § 112(f).

b. On or before **December 22, 2025**, the parties shall concurrently exchange proposed constructions for all claim terms identified by both parties.

c. On or before **December 31, 2025**, the parties shall disclose extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall produce a copy of any such item if not previously produced.

d. On or before **January 7, 2026**, the parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms and proposed constructions, if any.

e. On or before **January 14, 2026**, Defendant shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

f. On or before **February 4, 2026**, Plaintiff shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g. On or before **February 18, 2026**, Defendant shall file its Reply Claim Construction Brief. The page limit for the Reply Claim Construction Brief shall be 10 pages,

exclusive of the caption, signature block, any certificate, and exhibits.

h.  On or before **March 4, 2026**, Plaintiff shall file its Sur-Reply Claim Construction brief. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

i.  On or before **March 9, 2026**, the parties shall file the Joint Claim Construction Statement, which shall include the final set of proposed terms for constructions, the constructions proposed by both parties, and final citations to the intrinsic and extrinsic evidence relied upon by each party for each proposed construction.

j.  If the Court deems it necessary to receive technical tutorials from the parties, the parties shall submit such tutorials at least **10 business days** before the *Markman* hearing.

k.  The *Markman* hearing

[Plaintiff's Proposal: **will be held on March 18, 2026, or as soon thereafter as the Court's calendar permits**.]

[Defendant's Proposal: **date will be set by separate order after briefing is filed**.]

7.  The deadlines to add parties to the case shall be

[Plaintiff's Proposal: **April 29, 2026 (or six weeks after the *Markman* hearing)**.]

[Defendant's Proposal: **six weeks after the *Markman* Order is issued**.]

8.  The deadline for serving Final Infringement Contentions shall be

[Plaintiff's Proposal: **April 29, 2026 (or 6 weeks after the *Markman* hearing)**.]

[Defendant's Proposal: **six weeks after the *Markman* Order is issued**].

After this date, leave of Court is required for any amendment to infringement contentions.

This deadline does not relieve the Parties of their obligation to seasonably supplement if

5

new information is identified after initial contentions.

9.  The deadline for serving Final Invalidity Contentions shall be

[Plaintiff's Proposal: **May 13, 2026 (or 8 weeks after the *Markman* hearing).**]

[Defendant's Proposal: **eight weeks after the *Markman* Order is issued.**]

After this date, leave of Court is required for any amendment to invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably supplement if new information is identified after initial contentions.

10. The deadline to amend pleadings shall be

[Plaintiff's Proposal: **July 8, 2026 (or 16 weeks after the *Markman* hearing).**]

[Defendant's Proposal: **16 weeks after the *Markman* Order is issued**.]

11. The parties shall meet and confer to narrow the number of asserted claims and prior art references at issue prior to service of opening expert reports by three weeks after the Court issues its *Markman* Order.

12. The parties shall complete all Fact Discovery by

[Plaintiff's Proposal: **October 14, 2026 (or 30 weeks after the *Markman* hearing**).]

[Defendant's Proposal: **30 weeks after the Court issues its *Markman* Order**.]

13. The party with the burden of proof shall serve Opening Expert Reports no later than

[Plaintiff's Proposal: **October 27, 2026 (or 32 weeks after the *Markman* hearing).**]

[Defendant's Proposal: **32 weeks after the Court issues its *Markman* Order**.]

14. All Rebuttal Experts reports shall be served no later than

[Plaintiff's Proposal: **November 25, 2026 (or 36 weeks after the *Markman* hearing).**]

[Defendant's Proposal: **36 weeks after the Court issues its *Markman* Order**.]

15. Expert Discovery shall close

[Plaintiff's Proposal: **December 16, 2026 (or 39 weeks after the *Markman* hearing)**.]

[Defendant's Proposal: **39 weeks after the Court issues its *Markman* Order**.]

16. The parties shall meet and confer and submit to the Court a proposal regarding narrowing the number of asserted claims and prior art references at issue to triable limits by

[Plaintiff's Proposal: **December 23, 2026 (or 40 weeks after the *Markman* hearing)**.]

[Defendant's Proposal: **40 weeks after the Court issues its *Markman* Order**].

The proposal will identify a date by which Plaintiff shall identify a narrowed set of asserted claims and a date by which Defendant shall identify a narrowed set of prior art invalidity grounds.

17. All dispositive and *Daubert* motions shall be filed no later than

[Plaintiff's Proposal: **January 13, 2027 (or 43 weeks after the *Markman* hearing)**.]

[Defendant's Proposal: **43 weeks after the Court issues its *Markman* Order**.]

Cumulative page limit for opening briefs for all motions for summary judgment is 40 pages per side and for Daubert/motions to strike experts is 40 pages per side. Each responsive brief to such motions is limited to the pages utilized in the opening brief or by the local rules, whichever is greater but in no event shall the cumulative pages of reply briefs exceed 20 pages per side for all motions for summary judgment and 20 pages per side for all Daubert/motions to strike.

[Plaintiff's proposal: If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline.]

[Defendant's proposal: If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.]

7

18. All responsive and reply briefing regarding dispositive motions and expert challenges shall be filed in compliance with the deadlines set out in the Local Rules. The parties agree to consider reasonable requests for extensions as needed.

19. If required, the hearing on dispositive motions and expert challenges will be set by the Court after all responses and replies have been filed.

20. The partes shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial.

    [Plaintiff's Proposal: **By January 6, 2027, the Parties shall submit a proposed Pretrial Scheduling Order**.]

    [Defendant's Proposal: **At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial**.]

21. The Final Pretrial Conference will

    [Plaintiff's Proposal: occur on **March 22, 2027** (or approximately 53 weeks after the *Markman* hearing).]

    [Defendant's Proposal: **be determined at a later date by the Court**.]

22. Jury Selection and Trial will

    [Plaintiff's Proposal: **begin on April 12, 2027, or as soon thereafter as the Court's calendar permits**.]

    [Defendant's Proposal: **be determined at a later date by the Court**.]